IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-00143-01-CR-W-ODS |
| | ) | |
| ABRORKHODJA ASKARKHODJAEV, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261).[1] Defendant asserts that the forced labor trafficking statue, 18 U.S.C. § 1589(a), is unconstitutional in that (1) it is so vague that it fails to provide notice of what is criminalized in violation of the Due Process Clause of the Fifth Amendment; and (2) it is overbroad enough to punish innocent activity in violation of the Free Speech Clause of the First Amendment. (Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 1)  For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A.  The Indictment

---

[1] This motion which was filed with respect to counts pertaining to Forced Labor Trafficking which are contained in the First Superceding Indictment is nearly identical to Abrorkhodja Askarkhodjaev's Motion to Dismiss Count 3 (Overbreadth and Vague) (doc #72) which was filed with respect to the one count charging Forced Labor Trafficking in the original Indictment.  Given the filing of the First Superceding Indictment, Abrorkhodja Askarkhodjaev's Motion to Dismiss Count 3 (Overbreadth and Vague) (doc #72) is moot.

On May 6, 2009, the Grand Jury returned a forty-five count indictment against defendants Abrorkhodja Askarkhodjaev, Nodir Yunusov, Rustamjon Shukurov, Kristin Dougherty, Ilkham Fazilov, Viorel Simon, Nodirbek Abdoollayev, Andrew Cole, Sandjar Agzamov, Jakhongir Kakhkharov, Abdukakhar Azizkhodjaev, Alexandru Frumusache, Giant Labor Solutions, LLC, Crystal Management, Inc., and Five Star Cleaning, LLC. A 143-count superseding indictment was filed on January 7, 2010.[2] Defendants Askarkhodjaev and Dougherty are the only defendants currently set for trial.

Counts Three through Sixty-Two of the First Superceding Indictment provide:

**COUNTS THREE through TWENTY-THREE**
**(Forced Labor Trafficking)**

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs one through eighty-nine [sic] of this indictment.

Between on or about February 1, 2009, and on or about May 27, 2009, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, ANDREW COLE, and VIOREL SIMON, defendants herein, aiding and abetting each other and others, knowingly provided and obtained, and attempted to provide and obtain, the labor and services of the person from the Dominican Republic, as identified in Counts Three through Twenty-three below, and did so by means of: (a) serious harm and threats of serious harm to said person and another person; (b) the abuse and threatened abuse of law and legal process; and, (c) a scheme, plan, and pattern intended to cause said person to believe that, if said person did not perform such labor and services, that said person and another person would suffer serious harm.

[listing of Counts and Victim Identifiers]

All in violation of 18 U.S.C. §§ 1589(a), 1594(a), and 2.

---

[2]Defendants Yunusov, Shukurov and Agzamov have outstanding arrest warrants. Defendants Giant Labor Solutions, LLC, Crystal Management, Inc. and Five Star Cleaning, LLC were dismissed. Defendants Fazilov, Simon, Abdoollayev, Cole, Kakhkharov, Azizkhodjaev and Frumusache have entered guilty pleas.

# COUNTS TWENTY-FOUR through SIXTY-TWO
## (Forced Labor Trafficking)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs one through eighty-seven [sic] of this indictment.

Between on or about January 1, 2007, and on or about May 27, 2009, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ILKHAM FAZILOV, and VIOREL SIMON, defendants herein, aiding and abetting each other and others, knowingly provided and obtained, and attempted to provide and obtain, the labor and services of the person from the Republic of the Phillipines, as identified in Counts Twenty-four through Sixty-two below, and did so by means of: (a) serious harm and threats of serious harm to said person and another person; (b) the abuse and threatened abuse of law and legal process; and, (c) a scheme, plan, and pattern intended to cause said person to believe that, if said person did not perform such labor and services, that said person and another person would suffer serious harm.

[listing of Counts and Victim Identifiers]

All in violation of 18 U.S.C. §§ 1589(a), 1594(a), and 2.

(First Superceding Indictment (doc #184 at 85-88)

B. <u>The Statute</u>

The statute under which defendant is charged, 18 U.S.C. § 1589(a),[3] provides:

**§ 1589. Forced labor**

(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means–

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

(2) by means of serious harm or threats of serious harm to that person or another person;

---

[3]Defendant is also charged under 18 U.S.C. §§ 1594(a) and 2. Section 1594(a) provides: "[w]hoever attempts to violate section ... 1589 ... shall be punishable in the same manner as a completed violation of that section." Section 2 makes someone who aids and abets in the commission of an offense punishable as a principal.

3

> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>
> shall be punished as provided under subsection (d).

18 U.S.C. § 1589(a). The terms "abuse or threatened abuse of law or legal process" and "serious harm" are defined in section 1589 as follows:

> (1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.
>
> (2) The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

18 U.S.C. § 1589(c)(1) and (2).

## II. DISCUSSION

Defendant Askarkhodjaev argues that the phrases "serious harm" and "threatened abuse of the law or the legal process," as they are used in 18 U.S.C. § 1589, are too vague to support criminal liability. (Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 5) Defendant asserts that merely telling immigrant workers about their precarious position under the immigration laws should not lead to any type of conviction. (Id.) Defendant contends that by charging this offense, the prosecutors have taken this statute beyond the boundaries Congress intended. (Id.)

It appears that defendant crafted his arguments that the forced labor statute is vague and

4

overbroad from the arguments made by the defendants in United States v. Calimlim, 538 F.3d 706 (7th Cir. 2008), cert. denied, 129 S.Ct. 935 (2009). The Calimlim court summarily rejected these challenges to 18 U.S.C. §1589. This Court finds the Calimlim decision well-reasoned and directly on point.

A. Vagueness Challenge

With respect to the defendants' vagueness challenge, the Calimlim court wrote:

> A vagueness challenge is best described by the evils it seeks to prevent: "Unconstitutionally vague statutes pose two primary difficulties: (1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) they 'encourage arbitrary and discriminatory enforcement.'" United States v. Cherry, 938 F.2d 748, 753 (7th Cir. 1991)(quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)). The Calimlims argue that the statute failed to put them on notice that warning Martinez that she was violating the law by being in the country illegally could be construed as violating the forced labor statute.[4] This point overlaps to some degree with their overbreadth argument. They also assert that this prosecution took the statute beyond the boundaries Congress intended.[5] Neither argument has merit.
>
> We find that the forced labor statute provides sufficient notice of what it criminalizes. ... The Government did not allege that the Calimlims made direct threats against Martinez .... They kept Martinez under physical restraint and caused her to believe that she might be deported and her family seriously harmed because she would no longer be able to send money. They also implicitly threatened her with deportation proceedings. Looking at those charges, the Calimlims argue that the phrases "serious harm" and "threatened abuse of the law or the legal process" are too vague to support criminal liability.[6] They argue that while they did notify Martinez

---

[4]Defendant Askarkhodjaev "asserts that merely telling immigrant workers about their precarious position under the immigration laws should not lead to any type of conviction." (Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 5)

[5]Defendant Askarkhodjaev "asserts that by charging this offense, the United States Attorney for the Western District of Missouri has taken this statute beyond the boundaries Congress intended." (Id.)

[6]Defendant Askarkhodjaev "firmly believes that the phrases 'serious harm' and 'threatened abuse of the law or the legal process,' as they are used in 18 U.S.C. § 1589, are too vague to support criminal liability." (Id.)

5

that a threat existed from other quarters, they did not threaten Martinez that they would take action themselves.[7]

* * *

The presence of a *scienter* element to the offense makes the Calimlims' burden very difficult to carry. See Screws v. United States, 325 U.S. 91 (1945) (rejecting vagueness challenge to what is now 18 U.S.C. § 242 because it had a *scienter* requirement). "When the government must prove intent and knowledge, 'these requirements ... do[ ] much to destroy any force in the argument that application of the [statute] would be so unfair that it must be held invalid[.]'" Cherry, 938 F.2d at 754 (quoting Kolender, 461 U.S. at 357 (other internal quotations omitted). Section 1589 contains an express *scienter* requirement. ...

* * *

The Calimlims further assert that a reader of the statute would think that only direct threats are forbidden.[8] That is not, however, what it says. The statute does not specify that the "serious harm" be at the defendant's hand. It requires that the plan be "intended to cause the [victim] to believe that" that harm will befall her. 18 U.S.C. § 1589[(4)]. This subsection describes a more indirect form of threat than that covered by § 1589[(2)], which criminalizes direct "threats of serious harm to ... [the victim] or another person." Taken as a whole, the statute provides ample notice that it prohibits intentionally creating the belief that serious harm is possible, either at the defendant's hands or those of others.[9]

We have found only one unpublished decision from a district court that has directly addressed this issue, and that court took the same approach that we have. See United States v. Garcia, 2003 U.S. Dist. Lexis 22088 (W.D.N.Y. Dec. 2, 2003) (unpublished). Our conclusion is, more importantly, consistent with the one that the Supreme Court reached in Screws, supra, and Hill v. Colorado, 530 U.S. 703, 732-33 (2000), which rejected vagueness challenges to statutes requiring *scienter*. The Hill

---

[7]Defendant Askarkhodjaev argues that "[w]hile [he] allegedly notified immigrant workers that a threat existed from another source, he is not alleged to have threatened these workers that he would take action himself." (Id.)

[8]Defendant Askarkhodjaev argues that "most who read the statute would conclude that only direct threats of 'serious harm' are forbidden and thus punishable." (Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 5)

[9]Defendant Askarkhodjaev argues that "[t]aken as a whole, this statute does not provide ample notice that it prohibits intentionally creating the belief that serious harm is *possible*, either at Mr. Askarkhodjaev's hands or those of others." (Id.)

Court reasoned that "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended application [.]" 530 U.S. at 733 (quotation omitted).

A statute may also be unconstitutionally vague when an ambiguity allows for arbitrary enforcement of the law beyond what Congress intended. A statute is vague in this sense when "[t]here is [a] lack of clarity ... that would give law enforcement officials discretion to pull within the statute activities not within Congress' intent." United States v. Collins, 272 F.3d 984, 989 (7th Cir. 2001). With reference to § 1589, after the Supreme Court ruled that a similar statute involving involuntary servitude, 18 U.S.C. § 1584, prohibited only servitude procured by threats of physical harm, see United States v. Kozminski, 487 U.S. 931, 952 (1988), Congress enacted § 1589, see United States v. Bradley, 390 F.3d 145, 156-57 (1st Cir. 2004); see also 22 U.S.C. § 7101(b)(13) (rejecting the definition of coercion applied by Kozminski). The language of § 1589 covers nonviolent coercion, and that is what the indictment accused the Calimlims of doing; there was nothing arbitrary in applying the statute that way.

Calimlim, 538 F.3d at 710-12.

Defendant Askarkhodjaev has presented no case law where a court found 18 U.S.C. § 1589 vague. Further, defendant has presented no case law to dispute the reasoning in Calimlim. Defendant Askarkhodjaev, like the defendants in Calimlim, has been charged with nonviolent coercion in violation of section 1589. The Calimlim decision contradicts each of defendant Askarkhodjaev's vagueness challenges. The Court agrees with the reasoning set forth in Calimlim. Therefore, defendant's argument that section 1589 is unconstitutionally vague must be denied.

B. Overbreadth Challenge

In Calimlim, when dealing with the defendants' overbreadth challenge, the court wrote:

We turn, then, to the Calimlims' overbreadth argument. It is tempting to reject this for the simple reason that § 1589 penalizes conduct, whereas overbreadth is a doctrine designed to protect free speech. See Virginia v. Hicks, 539 U.S. 113, 118 (2003). The Calimlims argue that they are focusing, however, on speech

7

associated with the forbidden conduct.[10] They speculate that, in the wake of their convictions, innocent employers who merely warn their workers about the consequences of illegal immigration or a potential loss of health insurance coverage could get caught up by this law.[11] "[T]he overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when 'judged in relation to the statute's plainly legitimate sweep.'" City of Chicago v. Morales, 527 U.S. 41, 52 (1999)(quoting Broadrick v. Oklahoma, 413 U.S. 601, 612-15 (1973)).

There are many problems with this argument. As we said, § 1589 does not criminalize any speech; it bans behavior that may involve speech. This blunts any overbreadth attack. See id. at 52-53 (noting that an unconstitutionally vague statue criminalizing "loitering," which may or may not involve speech and association, was not subject to an overbreadth attack). Because of the *scienter* requirement, any speech involved must be a threat or else intended to achieve an end prohibited by law.

To the extent that § 1589 raises First Amendment concerns, the *scienter* requirement limits the prohibited speech to unprotected speech. The Calimlims imagine many hypothetical innocent parties who might get swept up by the law. For example, they pose the case of a small employer who tells her employees that they must start paying a portion of their health insurance premiums or face the loss of their health insurance benefits (surely a common situation in these times). This example does not advance their case for overbreadth, however, because this employer would not run afoul of the statute. This plan could not be a "scheme ... intended to cause the [employee] to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm ...," 18 U.S.C. § 1589[(4)], because the employee could quit and change jobs. The employer is not procuring labor by means of this statement, only lower wages or a renegotiation of the employment contract. There is no reliance on fear consistent with an intended scheme. Irma Martinez did not have an exit option: because the threats in her case involved her immigration status, she could not freely work for another employer in order to escape the threatened harm. ... The Calimlims' problem is the lack of connection between their case and that of the innocent employer they

---

[10]Defendant Askarkhodjaev argues that "this statute prohibits free speech and makes certain foreseen statements by employers forbidden." (Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 7)

[11]Defendant Askarkhodjaev argues that "[i]f this Court allows the prosecutor to move forward with this type of charge, innocent employers who merely warn their workers about the consequences of illegal immigration or a potential loss of health insurance coverage could get caught up by this law." (Id. at 7-8)

posit.

Calimlim, 538 F.3d at 712-13.

As argued by the Calimlim defendants as a basis for finding section 1589 overbroad, defendant Askarkhodjaev describes himself as an innocent employer who merely warned his workers about the consequences of illegal immigration and, as a result of that warning, is now facing criminal charges. Defendant sets forth the allegations that he "'threatened to cancel the immigration status' of foreign nationals who refused to work as directed or who requested permission to seek alternative housing" (set forth in paragraphs 47 and 51 of the First Superceding Indictment)[12] as an

---

[12] The actual text of paragraphs 47 and 51 of the First Superceding Indictment does not support the innocent advice theory propounded by defendant. Paragraph 47 reads:

> The Enterprise violated United States law and the H-2B visa provisions by fraudulently changing the terms of the visas and/or employing the foreign nationals in violation of the H-2B visa certifications. The Enterprise then required the foreign nationals to work where the Enterprise assigned them. However, to maintain the labor and availability of the foreign nationals as needed by the Enterprise, the Enterprise threatened to cancel the immigration status of foreign nationals who refused to work as directed by the Enterprise. The visas obtained by the Enterprise for the foreign nationals were the workers' only means to remain legally within the United States. Thus, cancellation of their visas would render them present illegally within the United States and without the ability to find other legal employment. Additionally, the Enterprise threatened to charge the families of the foreign nationals in their home countries a fee of $5,000 if they returned to their home country illegally.

Paragraph 51 reads:

> The Enterprise further profited by requiring the foreign national workers to reside in apartments it exclusively secured and controlled by charging exorbitant rents. Specifically, the Enterprise leased various apartments for $385 to $650 per month while requiring three to twelve foreign nationals to reside in the apartment and charged each of the foreign nationals between $250 and $350 per month for that apartment's rent. The apartments were not sex specific and usually mixed both men and women inside one apartment. The Enterprise provided minimal furniture. The foreign nationals were required to sleep on the floor, mattresses, or air mattresses. Consequently, in assuring compliance with the exclusive control of these living conditions, the Enterprise often

example of the overbreadth of the statute in that these "alleged statements ... do not rise to the level of the kind of 'serious threats' envisioned by Congress when it passed 18 U.S.C. § 1589." (Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261 at 6, 8)  Defendant contends that even assuming he made the alleged statements, these statements merely advised the foreign nationals of the functions of immigration laws if they violated the terms of their visas and worked in violation of U.S. law. (Id. at 6)  Whether the Government will present evidence that defendant's speech involved a threat or was intended to achieve an end prohibited by law is an issue for trial.

Defendant Askarkhodjaev has presented no case law where a court found 18 U.S.C. § 1589 overbroad.  Further, defendant has presented no case law to dispute the reasoning in Calimlim.  The Calimlim decision contradicts defendant Askarkhodjaev's overbreadth challenges.  The Court agrees with the reasoning set forth in Calimlim.  Therefore, defendant's argument that section 1589 is unconstitutionally overbroad must be denied.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts Three Through Sixty-Two (Vague and Overbreadth) (doc #261).  It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding Abrorkhodja Askarkhodjaev's Motion to Dismiss Counts 3

---

threatened to cancel the immigration status of foreign nationals who requested permission to seek alternative housing.

(Overbreadth and Vague) (doc #72) moot.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                     */s/ Sarah W. Hays*
                                                   SARAH W. HAYS
                                           UNITED STATES MAGISTRATE JUDGE