IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-00143-01,04-CR-W-ODS |
| | ) | |
| ABRORKHODJA ASKARKHODJAEV, | ) | |
| and KRISTIN DOUGHERTY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 314), AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS COUNT 98 (DOCS. 263, 265)

On September 8, 2010, the Honorable Sarah W. Hays issued her Report and Recommendation concluding that the Court should grant Defendants' motions to dismiss Count 98 (promotion money laundering).  The government filed timely objections to the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Local Rule 74.1(a)(2).

Key to Judge Hays' conclusion was her interpretation of the term "proceeds" in the charged statute, 18 U.S.C. § 1956, to mean profits and not gross receipts in light of *U.S. v. Santos*, 553 U.S. 507 (2008).  The government argues *Santos* does not apply outside the context of illegal gambling, citing *U.S. v. Spencer*, 592 F.3d 866, 879-80 (8th Cir. 2010).  But *Spencer* only held that *Santos* did not apply in the drug context; *Spencer* did not limit *Santos*' precedential value to illegal gambling.  *See id.* at 879.  The government also cites Eighth Circuit Proposed Model Jury Instruction 6.18.1956J, the "Notes on Use" of which mimic the government's interpretation of *Spencer*.  But "[t]he Model Instructions . . . are not binding . . .," *U.S. v. Norton*, 846 F.2d 521, 525 (8th Cir. 1988), and in this case the "Notes on Use" are not persuasive.  Applying *Santos*, the revenue generated by the criminal activity that was used to pay the essential expenses of that activity is not "proceeds" within § 1956.

The government also contends that even if *Santos* applies, dismissal would be premature because there is no way to tell from the indictment whether payment of Dougherty's salary was an expense of the labor trafficking scheme or profit. The government failed to preserve this argument by not presenting it first to Judge Hays. *See Hylla v. Transportation Communications Intern. Union*, 536 F.3d 911, 921-22 (8th Cir. 2008) (holding it was "too late" for party to offer new theory for first time in objection to Report and Recommendation). Even if this argument had been preserved, the Court would reject it. The indictment charges Defendants with paying Dougherty's *salary* with a *payroll check*, both terms signifying that the payment funded an operating expense of the scheme. The salary was not profit.

Upon careful and independent review of the pending motion, as well as the applicable law, the Court agrees with the Report that Count 98 should be dismissed. Judge Hays' Report and Recommendation (Doc. # 314) is adopted as the Order of the Court, and Defendants' motions to dismiss Count 98 are granted.

IT IS SO ORDERED.

DATE: October 4, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT