# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) No. 09-143-01-CR-W-ODS |
| ABRORKHODJA ASKARKHODJAEV, | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM ON BEHALF OF
## ABRORKHODJA ASKARKHODJAEV

COMES NOW Defendant Abrorkhodja Askarkhodjaev, by and through his attorneys, and respectfully submits the following Sentencing Memorandum setting forth the factors the Court should consider in determining what length of sentence is sufficient, but no greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I.   Background**

On May 6, 2009, the Grand Jury returned a forty-five count indictment against a dozen individuals, including Abrorkhodja Askarkhodjaev. A 143-count superseding indictment was filed on January 7, 2010. The superseding indictment charged the defendants in various counts with racketeering, racketeering conspiracy, forced labor trafficking, fraud in foreign labor contracting, identity theft, harboring illegal aliens, marriage fraud, visa fraud, money laundering, mail fraud, transportation of illegal aliens, extortion, interstate travel in aid of racketeering, wire fraud, and evasion of corporate employment tax.

Mr. Askarkhodjaev was arrested in New York on May 27, 2009, and removed to this Court where his initial appearance and arraignment were held on June 8, 2009. The Magistrate Judge appointed Willie J. Epps, Jr. to represent Mr. Askarkhodjaev on June 8, 2009, and a

detention hearing was held on June 10, 2009. The Magistrate Judge found reason to believe that no condition or combination of conditions of release would reasonably assure the appearance of the defendant, so Mr. Askarkhodjaev was ordered detained and remanded to the custody of the U.S. Marshal. Mr. Askarkhodjaev has been detained at CCA Leavenworth since that time.

On October 20, 2010, after two days of evidentiary hearings and jury selection, Mr. Askarkhodjaev entered into a Plea Agreement with the United States Attorney's Office for the Western District of Missouri and the Criminal Section of the Civil Rights Division of the United States Department of Justice ("the Government"). Mr. Askarkhodjaev agreed to, and did, plead guilty to Counts 2, 63, 86, and 132 of the Superseding Indictment, charging him with violations of 18 U.S.C. §§ 1962(d) (racketeering conspiracy), 1351 and 1349 (fraud in foreign labor contracting) and 1028(a)(7) (identity theft), and 26 U.S.C. § 7201 (evasion of corporate employment tax). The Government agreed to dismiss Counts 1, 3, 4–62, 64–83, 87–89, 91–97, 102–106, 110, 112, 114–117, 121–122, 127–131, and 133–143 at sentencing.[1] Mr. Askarkhodjaev and the Government stipulated and agreed upon guidelines applications, as set out in Paragraph 10 of the Plea Agreement. Specifically, the parties agreed that:

> c. The applicable Guidelines sections for the offense of conviction are U.S.S.G. §§ 2H4.1(a)(1), which provide for a base offense level of 22 and an enhancement pursuant to § 2H4.1(b)(3) of 2 levels for condition of peonage for more than 180 days, a 2 level enhancement pursuant to § 2H4.1(b)(4) regarding the commission of another felony; a 2 level enhancement pursuant to § 3A1.1(b)(1) regarding vulnerable victims, a 2 level enhancement pursuant to § 3A1.1(b)(2) for large number of vulnerable victims, and a 4 level enhancement pursuant to § 3B1.1 as an organizer;
>
> d. The defendant had admitted his guilt and clearly accepted responsibility for his actions. Therefore, he is entitled to a two-level reduction pursuant to § 3E1.1 of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release;

---

[1] Count 98 of the Superseding Indictment was dismissed on October 4, 2010. (Doc. No. 350).

2

or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility.

*See* Doc. 393 at 8. The Government further agreed that "if defendant provides full cooperation and truthful testimony in any and all investigations concerning labor leasing fraud it will recommend a 10 year sentence but if defendant fails to provide truthful testimony and full cooperation in any and all investigations regarding labor leasing fraud it will recommend 12 years and in no event will defendant's sentence be lower than ten years or greater than twelve years." *Id.* at 9. The parties entered into the Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and agreed that a specific sentence – no less than ten and no more than twelve years, as set out above – is the appropriate disposition of this case. *Id.* at 5. The Court accepted Mr. Askarkhodjaev's guilty plea after a plea colloquy. *See* Doc. 395.

The United States Probation Office submitted its Preliminary Presentence Investigation report to Mr. Askarkhodjaev and the Government on February 17, 2011. Mr. Askarkhodjaev, through his counsel, submitted objections to the preliminary report on March 11, 2011. On April 1, 2011, the Probation Office issued its final presentence investigation report. Doc. No. 490. The Final Presentence Investigation Report contains an addendum which includes Mr. Askarkhodjaev's objections to the preliminary report which were not resolved in the final report. *See* Doc. 490 at 64–70. Mr. Askarkhodjaev specifically incorporates those unresolved objections into this Sentencing Memorandum.

Mr. Askarkhodjaev's Sentencing Hearing is set for April 18, 2011 at 1:15 p.m., before this Honorable Court.

## II.     Sentencing Guidelines and 18 U.S.C. § 3553(a)

Because Mr. Askarkhodjaev's Plea Agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the only issue before the Court is what length of sentence–no

3

less than ten years and no more than twelve–is sufficient, but no greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). *See* Fed. R. Crim. P. 11(c)(1)(C) (stating that the plea agreement may specify that an attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply" and that "such a recommendation or request binds the court once the court accepts the plea agreement.").

Moreover, as the Court is well aware, the Federal Sentencing Guidelines are no longer mandatory. *See United States v. Booker*, 543 U.S. 220, 260–61, 226–27 (2005) (finding that "mandatory" Sentencing Guidelines violated the Sixth Amendment). After *Booker*, the Sentencing Guidelines are effectively advisory, and the range in sentencing, as dictated by the facts of each individual case, has been significantly broadened. *See id.* at 245; *Gall v. United States*, 128 S.Ct. 586, 602 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007); *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007) (holding that a district court may consider argument that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations"); *Cunningham v. California*, 127 S.Ct. 856, 867 (2007) (stating that judges are no longer tied to the sentencing range indicated in the Guidelines but are obliged to "take account of" that range along with the sentencing goals enumerated by Congress in § 3553(a)). These cases indicate "that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject, after due consideration, the advice of the Guidelines." *Kimbrough*, 128 S.Ct. at 577 (Scalia, J., concurring); *Booker*, 543 U.S. at 596 (noting that "the Guidelines are not the only consideration, the district judge should consider all of the § 3553(a) factors" to determine the

4

appropriate sentence). Justice Scalia explains this point well in his dissent from *Booker*'s remedial majority holding:

> Thus logic compels the conclusion that the sentencing judge, after considering the recited factors (including the Guidelines), has full discretion . . . to sentence anywhere within the statutory range. If the majority had thought otherwise – if it thought the Guidelines not only had to be "considered" . . . but had generally to be followed – its opinion would surely say so.

*Booker*, 543 U.S. at 305–06 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the Guidelines had to be given great weight, its opinions would have said so. Thus, giving any special weight to the Guidelines range relative to the other § 3553(a) factors would violate the Sixth Amendment.

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. Mr. Askarkhodjaev submits that, considering these factors, the minimally sufficient sentence in this case is a sentence of ten years, and discusses each of these factors in turn.

### III. Kinds of Sentences Available

As noted above, the Court must consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(3). In this case, the Court has accepted the parties' Rule 11(c)(1)(C) Plea Agreement, which contemplates a term of imprisonment between ten and twelve years. *See* Doc. 395. Thus, the Court may sentence Mr. Askarkhodjaev to a term of imprisonment no less than 10 years and no greater than twelve years. *See* Fed. R. Crim. P. 11(c)(1)(C).

Under 18 U.S.C. § 3553(a)(4), the Court must consider the kinds of sentence and sentencing range established by the Sentencing Guidelines. The Final Presentence Investigation Report issued by the Probation Office includes the probation officer's calculation of Mr. Askarkhodjaev's sentencing range according to the United States Sentencing Guidelines. *See* Doc. 490 at 61–62. The report contemplates a total offense level of 35 and a criminal history category of I, leading to a sentencing range of 168 to 210 months, or between 14 and 17 ½ years. *Id.* However, as the report notes, the Plea Agreement contemplates the application of Guidelines provisions that yield a total offense level of 32. *See* Doc. 393 at 8. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, where the parties agree that particular provisions of the Sentencing Guidelines will apply, and where the Court accepts the plea agreement, the parties' agreement binds the Court. *See* Fed. R. Crim. P. 11(c)(1)(C). Using the offense level of 32 contemplated by the parties and a criminal history category of I yields a sentencing range of 121 to 151 months, or approximately 10 to 12 years.

### IV. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

As noted above, under § 3553(a), the Court must consider the "nature and circumstances of the offense" and the "history and characteristics of the defendant" in determining an appropriate sentence. 18 U.S.C. § 3553(a)(1).

In this case, Mr. Askarkhodjaev's offenses involve his participation and leadership role in a criminal enterprise whose purpose was to utilize illegal aliens to fraudulently fulfill labor leasing contracts contrary to federal law. *See* Plea Agreement, Doc. 393, at 2. Members of the enterprise recruited foreign nationals to provide labor and services for Giant Labor Solutions and associated corporate entities, and made threats of deportation and other adverse immigration consequences to those workers to maintain their labor. *Id.* at 3. Mr. Askarkhodjaev's offenses further involve his use of false identification to establish a bank account for MMC Professional Cleaning, and his evasion of federal income taxes by failing to claim wages for Giant Labor Solutions employees for the 3rd Quarter of 2007. *Id.*

While Mr. Askarkhodjaev's criminal conduct was undoubtedly serious, it is important to note that his crimes were not crimes of violence – this case did not involve allegations of physical violence against the foreign national workers. Further, it is important to note that while Mr. Askarkhodjaev was charged with forced labor trafficking and this case has been referred to as involving "human trafficking," this case did <u>not</u> involve allegations of slavery, allegations of sexual abuse, or allegations of child labor.

With respect to the history and characteristics of the defendant, it should be noted that Mr. Askarkhodjaev has never plead guilty to or been convicted of any other offense during his time in the United States. *See* Doc. 490 at 56–57. Mr. Askarkhodjaev is a loving son and brother to his parents, brother and two sisters in Tashkent, Uzbekistan. Mr. Askarkhodjaev's parents are aged and in poor health; his mother is dying from cancer. *See* Doc. 490 at 57. Mr. Askarkhodjaev has accepted responsibility for and understands the seriousness of his crimes, and understands that, even with a sentence of 10 years, it is possible he will never again see his parents alive.

## V. Need to Avoid Unwarranted Sentence Disparities

Section 3553(a) further provides that the Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6).

In this case, co-defendants Abdukakhar Azizkhodjaev, Alexandru Frumusache, Jakhongir Kakhkharov, Ilkham Fazilov, Nodirbek Abdoollayev, and Viorel Simon have pleaded guilty and have been sentenced. Mr. Azizkhodjaev pleaded guilty to imprison of a felony on a superseding information and was sentenced to time served. *See* Doc. No. 479. Mr. Frumusache pleaded guilty to forced labor trafficking and was sentenced to time served. Mr. Kakhkharov pleaded guilty to racketeering conspiracy under Count 2 of the Superseding Indictment and was sentenced to time served. *See* Doc. No. 442. Mr. Fazilov pleaded guilty to racketeering conspiracy under Count 2 of the Superseding Indictment and was sentenced to 41 months. *See* Doc. No. 474. Mr. Abdoollayev pleaded guilty to racketeering under Count 1 of the Superseding Indictment and was sentenced to "21 months and 2 days, in essence time served[.]" *See* Doc. 472. Mr. Simon pleaded guilty to racketeering conspiracy under Count 2 and fraud in foreign labor contracting under Count 63 of the Second Superseding Indictment and was sentenced to 25 months. *See* Doc. No. 487. Finally, in a case related to Mr. Askarkhodjaev's, Bakhrom Ikramov, who owned and operated Giant Labor Solutions with Mr. Askarkhodjaev, plead guilty to aiding and abetting wire fraud and was sentenced to probation for a term of three years. *See* Doc. No. 13 in *United States v. Ikramov*, Case No. 10-00230-01-CR-W-ODS (W.D. Mo.).

A sentence of ten years (or 120 months) would be nearly three times longer than the sentences of those co-defendants sentenced thus far. Such a sentence fairly and sufficiently takes into account Mr. Askarkhodjaev's leadership role and the fact that his guilty plea came at the

8

very beginning of trial, while a sentence of twelve years would unnecessarily increase the disparity between Mr. Askarkhodjaev's sentence and the sentences of his co-defendants.

## VI. Need to Provide Restitution to Any Victims of the Offense

Next, section 3553(a) states that the Court must consider the need to provide restitution to victims. 18 U.S.C. § 3553(a)(7). Under the Plea Agreement, the Court must sentence Mr. Askarkhodjaev to a term of imprisonment no less than ten years and no greater than twelve years. Because the duration of Mr. Askarkhodjaev's imprisonment has no impact upon his obligation to pay restitution, this factor weighs in favor of a sentence of ten years. It is highly unlikely that an additional two years' imprisonment at public expense will make it any more or less likely that Mr. Askarkhodjaev will be able to provide restitution to victims.

## VII. Need for the Sentence Imposed

Finally, as noted above, the Court must consider the need for the sentence imposed. 18 U.S.C. § 3553(a)(2). As noted above, section 3553(a) provides that the Court should impose a sentence sufficient, but no greater than necessary, to meet the following objectives.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

*Id.*

In this case, a sentence of 10 years is sufficient to meet those objectives. First, and as noted above, a sentence of ten years would be nearly three times longer than the sentences of any of Mr. Askarkhodjaev's co-defendants sentenced thus far. Such a sentence reflects the seriousness of Mr. Askarkhodjaev's offense and provides just punishment. Second, a sentence of ten years would serve as an adequate deterrent to criminal conduct and would protect the public

from further crimes.  Mr. Askarkhodjaev contends that a sentence of 10 years would serve not only to dissuade others from participating in similar conduct, but would also dissuade him from participating in further crimes following his release.  Indeed, as noted in the Presentence Investigation Report, it is anticipated that Mr. Askarkhodjaev will be deported back to Uzbekistan upon completion of his sentence.  *See* Doc. 490 at 59.  Thus, a sentence of ten years effectively protects the United States public from further crime as effectively and less expensively than a sentence of twelve years.  Finally, Mr. Askarkhodjaev contends that a sentence of ten years would be more than sufficient to provide him with any "needed educational or vocational training, medical care, or other correctional treatment . . ."  Mr. Askarkhodjaev has expressed interest in participating in the 500-hour drug treatment program offered by the Bureau of Prisons, and could successfully complete that program if he were sentenced to a term of imprisonment of ten years.

## CONCLUSION

WHEREFORE, Defendant Abrorkhodja Askarkhodjaev respectfully requests the Court sentence him to a term of imprisonment of ten years.  Such a sentence is sufficient, but no greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Dated: April 12, 2011          Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By:  ___*/s/ Evan D. Montgomery.*___
Willie J. Epps, Jr.  (Bar No. 46975)
Evan D. Montgomery (Bar No. 60876)
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
(816) 421-5547 (facsimile)

*Attorneys for Defendant Abrorkhodja Askarkhodjaev*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on April 12, 2011 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                              */s/ Evan D. Montgomery*
                                              Evan D. Montgomery

4446531 v1